Judgment of the County Court of Queens County, convicting defendant of the crime of grand larceny in the first degree, unanimously affirmed. The proof was sufficient to establish that defendant recieved a sum of money in excess of $500 from the complaining witness for the purpose of purchasing tax liens on certain property for her, and that he failed to do so or otherwise to expend the money on her behalf. (Penal Law, § 1290.) Evidence was introduced on the trial tending to prove that some of the money so received was delivered to defendant in consequence of a false representation by defendant as to expenditures on behalf of the complaining witness. There was no objection to the introduction of this evidence, although the indictment did not allege that the larceny was effected by such means. (Cf. Penal Law, § 1290-a.) If we assume that such evidence was erroneously admitted, such error does not necessitate a new trial, in the absence of objection or exception, where, as here, defendant’s guilt was established beyond a reasonable doubt. Error was committed by the receipt in evidence of a written statement made by the witness Bodkin, apparently offered by the People on the theory that it tended to corroborate Bodkin’s testimony on the trial. (Cf. Crawford v. Rilan, 289 N. Y. 444.) On examination of the circumstances under which the statement was admitted, and of other evidence in the record, uneontradicted by defendant, to the effect that defendant on another occasion had made an assertion similar to that referred to in the officer’s testimony and written statement, it is our opinion that the evidence erroneously admitted added little, if any, weight to evidence, amply sufficient without it, to establish defendant’s guilt beyond a reasonable doubt. (Cf. People V. Sprague, 217 N. Y. 373, 379-380; People v. Buddensieck, 103 N. Y. 487, 500.) The error is, therefore, disregarded. (Code Grim. Pro., § 542.) Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.